UNITED STATES *v.* ROYAL COPENHAGEN PORCELAIN, INC. (No. 3278)[1]

---

[1] T. D. 44065.

United States Court of Customs and Patent Appeals, May 19, 1930

*Charles D. Lawrence*, Assistant Attorney General (*Marcus Higginbotham* and *James R. Ryan*, special attorneys, of counsel), for the United States.

*Curie, Lane & Wallace* (*Samuel Isenschmid* of counsel) for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

Petitioner (appellee) seeks a rehearing in order that the court may consider the applicability of paragraph 1449, which provides for works of art without limitation, dutiable at 20 per centum ad valorem. It is claimed that Exhibits A and B, if not free under paragraph 1704, are dutiable under paragraph 1449 rather than under paragraph 211 for earthenware or stoneware painted statuettes.

Appellee's brief in this court said:

The issue presented by this appeal is correctly set forth in the "Statement" in appellant's brief.

In the statement referred to, which also contains the text of paragraphs 211, 212, and 1704, we find the following:

### The Issue

The Government contends:

(a) that the four articles here in question are not within the language, intent, or meaning of paragraph 1704;

(b) that the "bear" and "monkey," Exhibits A and B, are more specifically provided for in paragraph 211, and

(c) that the two vases are specifically provided for by an *eo nomine* designation as painted vases in paragraph 212.

At the trial in the court below, Mr. Isenschmid, counsel for the importer, said: "We are confining our claim to paragraph 1704 which provides for original paintings and also original sculptures or statuary."

Counsel at no time, either in brief or argument, called this court's attention to paragraph 1449. While paragraph 1449 is mentioned in the protest and in the answer to the protest, the applicability of the same, apparently, was not considered by the court below, where it was held that the articles in controversy were free of duty under

paragraph 1704. In the application and motion for rehearing by the Government below no mention is made of paragraph 1449.

This court, therefore, gave no consideration to the applicability of paragraph 1449, when in competition with paragraph 211, and the record before us and the argument made at the hearing would not justify consideration of this question then or now. This claim was and is regarded as being abandoned.

By the sentence in the decision, "Exhibits A and B are classifiable under paragraph 211 and dutiable at 50 per centum ad valorem," we do not mean to pass upon the question now sought to be presented, and since the protestant has not pointed out in this court the correct classification, assuming the classification under paragraph 211 to be incorrect, the classification of the collector must stand.

The judgment of the United States Customs Court is *modified.* It is *reversed* as to Exhibits A and B, without approving the classification of the collector. As to Exhibits C and D, the judgment of the court below is *affirmed.*

The petition for rehearing is *denied.*